**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4127

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BERNARD EUGENE PHILLIPS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:21-cr-00007-D-1)

Submitted:  September 22, 2022                Decided:  September 26, 2022

Before WILKINSON, DIAZ, and RUSHING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF**: G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bernard Eugene Phillips pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018).[*]  The district court sentenced him to 114 months' imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the district court plainly erred by applying an enhancement to Phillips' advisory Sentencing Guidelines range; whether the court adequately explained a special condition of supervised release; and whether that supervised release condition is substantively reasonable.  Phillips did not file a pro se supplemental brief after being notified of his right to do so.  The Government moves to dismiss this appeal as barred by the appellate waiver contained in Phillips' plea agreement.  We affirm in part and dismiss in part.

Where, as here, the Government seeks to enforce an appeal waiver and Phillips has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the scope of the waiver.  *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018).  Phillips does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010),

---

[*] Section 924(a)(2) was amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).  The 15-year statutory maximum does not apply in this case, however, because Phillips was convicted before the June 25, 2022, amendment of the statute.

and our review of the plea hearing leads us to conclude that Phillips' guilty plea was knowing and voluntary and that the waiver is valid and enforceable. Phillips' challenges to his sentence fall squarely within the waiver's scope, and we have reviewed the record in accordance with *Anders* and have identified no potentially meritorious issues that would fall outside the scope of the waiver. Accordingly, we grant the Government's motion to dismiss Phillips' appeal of his sentence and affirm the remainder of the district court's judgment.

This court requires that counsel inform Phillips, in writing, of the right to petition the Supreme Court of the United States for further review. If Phillips requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Phillips. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*